In re Dr. Kenneth Robert
MURRAY, Debtor.

Bankruptcy No. 97–15557 K.

United States Bankruptcy Court,
W.D. New York.

Jan. 23, 1998.

Daniel F. Brown, Damon and Morey, Buffalo, NY, for Debtor.

Christopher Reed, Asst. U.S. Trustee, Buffalo, NY.

MICHAEL J. KAPLAN, Bankruptcy Judge.

By his motion dated November 24, 1997, the Debtor seeks *nunc pro tunc* authorization of this Court to employ Davis, Augello, Matteliano & Gersten ("Davis, Augello") as his counsel in a pending matrimonial matter. The U.S. Trustee has objected only to the *nunc pro tunc* aspect of such an application. Without addressing the *nunc pro tunc* aspects of the Debtor's motion, it shall be denied because there has been no demonstration that the services of Davis, Augello are necessary to the Chapter 11 estate of the Debtor. On the other hand, the Debtor may employ the firm on his personal behalf.

Yet again this Court explores the interesting paradox presented when a Chapter 11 debtor-in-possession is a natural person. Specifically, we address again the extent to which the personal expenses of an individual Chapter 11 debtor-in-possession may or should be paid out of property of the estate. Earlier cases decided by this Court dealing with this issue are *In re Keenan*, 195 B.R. 236 (Bankr.W.D.N.Y.1996) (declining to compel some postpetition income to be set aside by an individual Chapter 11 debtor as "property of the estate," instead of being used for personal expenses); *In re Bradley*, 185 B.R. 7 (Bankr.W.D.N.Y.1995) (denying administrative expense status to ex-wife with postpetition alimony, maintenance or support claim; such claim is a personal expense that has no causal relationship to the reorganization effort; since all property was "property of the estate," ex-wife could request that sufficient portion to satisfy her claim be declared to be "property of the debtor"); *In re Bradley*, Case No. 91–13893 (Bankr.W.D.N.Y. Nov. 24, 1992), *published as an appendix to In re Bradley*, 185 B.R. 7 (Bankr.W.D.N.Y.1995) (declining to set a "cap" on personal ex-

penses for an individual Chapter 11 debtor, but inviting a motion to convert or a motion to appoint a trustee, if warranted).

■ In light of the *Keenan* and *Bradley* cases, the Debtor is as free to spend estate monies on his matrimonial problems as he is free to spend them on his ordinary business expenses and on normal living expenses. He does not need the approval of this Court. The retention of Davis, Augello retroactive to September 24, 1997 will, however, be approved for the record, but not under 11 U.S.C. § 327; to do so would bestow "administrative expense" status to any unpaid portion of the Davis, Augello fees and would thus contravene *In re Bradley*, 185 B.R. 7 (Bankr.W.D.N.Y.1995).

Of course, so long as the Debtor pays the Davis, Augello bills on a current basis, the distinction is without importance to Davis, Augello. Rather, the Debtor risks the possibility that expending funds to address his matrimonial circumstances may be viewed as grounds for conversion or the appointment of a trustee, if a creditor seeks such relief. *See Bradley*, 185 B.R. at 11.

■ In sum, special counsel for matrimonial matters here is not "necessary" for the "estate" in the § 327 sense and is denied. But the Court hereby authorizes the Davis, Augello firm to act for Dr. Murray personally, *nunc pro tunc*, to September 24, 1997, in case the matrimonial court thinks such authorization to be necessary.

SO ORDERED.